BOLIN, Judge.
Plaintiff alleges that, while operating a 1962 Oldsmobile Sedan, she was injured in a collision caused by the negligent operation of a large tank truck owned by Earl Gibbon Transport Company and being driven by the latter’s employee. She sued Aetna Casualty and Surety Company, liability insurer of Gibbon, for damages for her injuries.
In separate suits plaintiff’s two guest passengers, Rena Belle Bryant and Grace Malone, sued the liability insurer of Gibbon and Great American Insurance Company, liability insurer of the 1962 Oldsmobile; alternatively, it was alleged the accident was caused by the negligence of either the driver of the transport truck or of their hostess. The cases were consolidated for trial and the lower court found the accident was caused entirely by the negligence of Lola Mae Crain and rejected all demands against Aetna Casualty and Surety Company. Rena Belle Bryant was awarded judgment against Great American Insurance Company, the liability insurer of Lola Mae Crain, in the sum of $1,500.00 (191 So. 2d 785) and Grace Malone was awarded the sum of $1,000.00 against the same defendant (191 So.2d 784). Grace Malone and Rena Belle Bryant have appealed seeking an increase in the awards and re-urging their contention that judgment should be rendered insólido against the insurers of both vehicles. Lola Mae Crain has appealed from the judgment rejecting her demands. Great American Insurance Company has appealed as the insurer of Lola Mae Crain claiming it should be exonerated and alternatively that Aetna, as the insurer of Gibbon should be condemned for .one-half of the judgment rendered against Great American.
Lola Mae Crain, with her two guest passengers, was traveling east on Interstate Highway 20 from Jonesboro, Louisiana to Monroe. The highway is an expressway with two lanes for westbound travel and two for eastbound. Plaintiff testified she had intended to turn right from the main portion of the highway at the Calhoun exit in order to get on U. S. Highway 80 and continue her journey to Monroe. George Roper, the driver of the tank truck, was also traveling east en route from Spring-hill, Louisiana to Natchez, Mississippi.
There are conflicting accounts of the manner in which the accident happened. Plaintiff contends that while traveling on the expressway she first passed the truck operated by Roper, approximately two miles west of where the accident occurred, at which time she estimated her speed at about sixty miles per hour. She contends she had been traveling in the right, or extreme outside lane, but moved into the left, or inside lane, in order to pass the truck; that she then returned to the outside lane but, after traveling some distance, again entered the inside lane in order to pass an automobile. She further contends she thereafter remained in the inside lane. Upon *784 being informed by one of the occupants of the car that they were nearing the Calhoun exit she testified she slowed her vehicle and signaled for a right turn but that she continued to operate her vehicle completely in the inside lane. She alleges that while so operating her vehicle and waiting for the truck to pass her so she could make her exit, her vehicle was struck from the rear by the truck. This version of the accident is, to some extent, corroborated by the testimony of her two guest passengers.
George Roper’s version of the collision is different from the foregoing account in every important detail. He testifies that when he was about two miles from the scene of the impact, traveling east at approximately 48 miles per hour in the outside lane, he first observed plaintiff’s automobile following him in his lane of travel. He contends the Oldsmobile first started to pass his truck approximately one-fourth mile west of the exit; that the automobile pulled beside the truck and then suddenly made a right turn and the right fender of the vehicle struck the left “saddle tank” of his truck; that the right side of the automobile then struck the left wheel of the truck and thereafter the rear of the automobile struck the rear trailer wheel. He testified the actual impact occurred almost adjacent the Calhoun exit; that at all times his vehicle was in his right, or the outside lane, and was completely within this lane when it was struck by plaintiff’s vehicle encroaching upon, or veering over into the lane occupied by his truck.
The issues herein presented are purely factual. Appellant’s testimony is corroborated only by that of her two guest passengers. Roper is corroborated by the physical facts and by the testimony of two State troopers who investigated the accident. The trial judge assigned written reasons for finding the accident was caused solely by the negligence of Lola Mae Crain. He concluded plaintiff was “ * * * going to make the turn to get on Highway 80, and I don’t think she was paying close enough attention to her driving or to the traffic in the rear. She had already moved from left to right and right to left and then one or two of the plaintiffs told her that the cutoff to Highway 80 was just up above so she proceeded to slow down and without further ado she attempts to make the turn and failed to do so. I think she was negligent in this respect. Further than that the physical facts testified to by the State Police show that the debris was found over in the righthand lane which was Mr. Roper’s proper lane of travel and that the skidmarks which the troopers traced belonged to the Oldsmobile driven by Lola Mae Crain.”
From our review of the record we find no error in the factual findings of the trial court, but to the contrary, are convinced the accident was caused solely by the negligence of Lola Mae Crain in allowing her automobile to swerve into the lane of travel occupied by the transport truck.
For the reasons assigned, the judgment appealed from rejecting the demands of Lola Mae Crain against Aetna Casualty and Surety Company is affirmed at plaintiff’s cost.
Affirmed.